## A. FORD *v.* JAMES BARTLETT *et al.*

CHANCERY. *Pleading and Practice. Bill cannot be dismissed. When.*
Where a complainant or the Clerk and Master have failed to issue
alias process against defendants who have never been served for
several terms, this is not sufficient grounds for a dismissal of the bill
by the defendants, on motion. The rule as to a discontinuance for this
cause belongs peculiarly to a Court of law.

Code cited: §§4386 and 4389–90.

### FROM PUTNAM.

Appeal from the Chancery Court. B. N. TILL-
MAN, Chancellor.

DENTON & WASHBURN for Ford.

DILLARD & SWOPE for Bartlett.

SNEED, J., delivered the opinion of the Court.

The bill is filed against an executor and the heirs
of his testator, and process and copy duly issued.
There are, in all, eleven parties to the bill, all of
whom were served with process, or otherwise brought
into Court, except two, and as to them a lapse of
several terms was suffered to transpire without taking
out process for them. The record shows that the de-
fendants moved to dismiss the bill on account of this
chasm in the issuance of process as to said two defen-
dants, and upon that ground the Court dismissed the

bill, refusing a motion of complainants then and there to file an amended bill to bring in these parties.

In this proceeding the Chancellor erred.    The rule as to a discontinuance for this cause belongs peculiarly to a Court of Law.    We are not aware that it has ever been practiced in the Court of Chancery in this State.    Indeed, such a rule would be at war with the very liberal rules of practice prescribed by Statute, and borrowed from the principles of equity practice now exercised in that forum, and governing its mode of procedure.    The writ at law is the first step to be taken.    The declaration is not filed until the writ is served.    If the first writ is returned not found, and the plaintiff neglects to take out another from term to term, it may very well be presumed that he has abandoned his suit, and the party made defendant in said writ, and not served, can come forward by his attorney and have the suit dismissed on account of this chasm in the process.    But the machinery of a Court of Chancery is very different.    The complainant has filed his bill, there setting forth his cause of complaint, and the parties defendant, therein named, are to be brought before the Court by subpœna, if residents, or by publication, if non-residents.    If this subpœna be not issued promptly and regularly from each term, or the proper publication be not made, the other defendants already before the Court are not without remedy in the ample provision of our Code and rules of practice.    These rules are intended to prevent what an English satirist called the snares and delays of a Court

of Chancery, and if they were often invoked by counsel, would have that effect. One of these rules is, to use the words of the Statute, to procure the prompt dispatch of the business of the Court, the defendant may make a rule in the Clerk's office on his adversary to take any step necessary to the progress of the cause, and the Clerk shall give notice of this rule immediately to the party interested, or his counsel. If the party upon whom such rule is made fail to take the necessary step, the Chancellor, at the next term, unless good cause be shown for the failure, shall make a peremptory rule, fixing the time within which the step shall be taken, and if not so taken the cause shall be dismissed. Code, §§4389, 4390. It will be observed that these provisions are very comprehensive, and the defendants need not wait indefinitely for the co-defendants to be brought in, but may have a rule to that end upon their adversary, who must obey at his peril, or elect to proceed without the other parties. A bill in Chancery cannot, under our practice, be summarily dismissed on motion, except for the causes enumerated in the Statute. Code, §4386. It will be seen that the neglect of the Master or the complainant in the issuance of alias process is not one of them.

Reverse the decree and remand the cause.